**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**TYRONE FRANKLIN,**

      **Petitioner,**

**v.**                              **Civil Action No. 1:08cv82**
                                           **(Judge Keeley)**

**EDWARD F. REILLY, Chairman of the**
**United States Parole Commission AND**
**KUMA J. DEBOO, Warden,**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the petitioner's § 2241 habeas corpus petition, the Government's response and the petitioner's reply. In the petition, the petitioner challenges a decision of the United States Parole Commission ("the Commission") to deny him parole release. This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09, et seq.

## I.   Factual and Procedural History

The petitioner was arrested for domestic violence on January 17, 1998. Resp't Ex. A. Pending resolution of the charges, the petitioner was ordered to a halfway house. Id. Although the victim of the domestic violence had a civil protection order against the petitioner, the petitioner later escaped the halfway house, returned to the victim's home, and sexually assaulted her. Id.

On July 16, 1998, the District of Columbia Superior Court sentenced the petitioner to 160 to 180 days imprisonment for escape. On November 6, 1998, the D.C. Superior Court sentenced the petitioner to 5 to 15 years imprisonment for attempted first degree sexual assault. Resp't Ex. B.

On August 16, 2003, the Commission conducted the petitioner's initial parole hearing.

Resp't Ex. C. At that time, the Commission determined that the petitioner's parole guideline range was 101-115 months. Id. Therefore, on May 9, 2003, the Commission denied the petitioner parole and continued him to a three-year reconsideration hearing. Id.

The petitioner received his reconsideration hearing on August 23, 2006. Resp't Ex. D. Because the petitioner had maintained clear conduct, good work performance and had actively participated in programs to address his behavioral needs, the examiner recommended that the petitioner's guideline range be reduced by 6 months. Id. The reduction resulted in a new guideline range of 91-105 months. Id. However, the examiner also found that the petitioner was a more serious risk than indicated by his guideline range and recommended that parole be denied and the petitioner be continued to a reconsideration hearing in three years. Id. The examiner specifically noted that the petitioner's record indicated that he was likely to commit more crimes of violence if released. Id. The examiner recommended a reconsideration hearing in March of 2009, after the service of 133 months, an upward departure of 28 months. Id.

On May 1, 2006, the Commission issued a Notice of Action adopting the recommendation of the hearing examiner. Resp't Ex. F. The petitioner was therefore awarded a six-month reduction in his guideline range, resulting in a range of 91-105 months, but was denied parole because he was a more serious risk than indicated by his guideline range.

## II. Contentions of the Parties

### A. The Petition

In the petition, the petitioner asserts the following grounds for relief:

(1) the Commission's failure to award him a 180-day reduction for program achievement violates the Eighth Amendment's prohibition against cruel and unusual punishment;

(2) the Commission's decision not to parole him after service of his minimum sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment;

(3) the Commission's decision to continue his incarceration above the guideline range violates the Eighth Amendment's prohibition against cruel and unusual punishment;

(4) the Commission's decision not to parole him violates his liberty interest under the Due Process Clause; and

(5) the Commission's decision to not grant him parole was arbitrary and capricious.

**B.    The Respondents' Response and Motion to Dismiss**

In their response and motion to dismiss, the respondents request that the petitioner's petition be denied and dismissed with prejudice.  In support that request, the respondents argue:

(1) Chairman Edward Reilly is not a proper party respondent and should be dismissed;[1]

(2) the petitioner does not have a liberty interest in parole;

(3) the Commission's decision above the guideline range is supported by good cause;

(4) the petitioner's claims of cruel and unusual punishment are without merit; and

(5) the petitioner did receive credit for his superior program achievement.

**C.    The Petitioner's Reply**

In reply to the respondents' motion, the petitioner clarifies, from his perspective, the events which lead to his conviction.  Moreover, the petitioner reiterates all of the program achievements he

---

[1] The petitioner does not dispute that Mr. Reilly is not a proper respondent, nor can he.  See 28 U.S.C. §2243 ("[t]he writ of habeas corpus or order to show cause shall be directed to the person having custody of the person detained"); Rumsfeld v. Padilla, 542 U.S. 426, 434, 435 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court, therefore, the only proper respondent is the petitioner's custodian); Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494 (1973) "[a] writ of habeas corpus does not act upon the prisoner who seeks habeas relief, but upon the person who holds him in . . . custody).  Consequently, Mr. Reilly should be dismissed as a defendant in this action.

has accomplished while in prison. Further, the petitioner reasserts his belief that he had a liberty interest in parole, and otherwise, reargues the claims in the petition.

### III.   Analysis

A court cannot review the discretionary decision of the Commission to deny parole under an abuse of discretion standard. Garcia v. Neagle. 660 F. 2d 983, 989 (4th Cir. 1981). Parole decisions are not "subject to arbitrary and capricious or abuse of discretion review under the provisions of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2)." Page v. Pearson, 261 F.Supp.2d 528, 530 (E.D.Va.. 2003). Nonetheless, a district court may review the Commission's decision to determine whether it violates constitutional, statutory, regulatory or other restrictions. Id.   See also Gruber v. United States Parole Commission, 792 F. Supp. 42 (N.D. W.Va. 1992). Thus, while the Court cannot review the petitioner's claim that the decision of the Commission was arbitrary and capricious, and ground five should therefore be dismissed, the Court can examine the petitioner's other claims.

### A.   Grounds One, Two and Three - Cruel and Unusual Punishment

In general, the Eighth Amendment prohibits "cruel and unusual punishment." Farmer v. Brennan, 511 U.S. 825 (1994). Moreover, the Eighth Amendment not only prohibits "barbaric punishments, but also sentences that are disproportionate to the crime committed." Solem v. Helm, 463 U.S. 277, 284 (1983). However, because parole proceedings are not a part of criminal prosecutions, the actions of the Commission do not constitute punishment. See Morrisey v. Brewer, 408 US 471, 480 (1972). Nevertheless, detention of an inmate beyond the termination of his sentence may constitute cruel and unusual punishment if "it is the result of deliberate indifference to the prisoner's liberty interest; otherwise such detention can be held to be unconstitutional only if

4

it violates due process." See Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (internal citations and quotations omitted).

Here, the petitioner has not been held beyond the expiration of his sentence. Nor can the petitioner show that his liberty interests or due process rights were violated. See Price v. Barry, 53 F.3d 369, 370 (D.C.Cir. 1995) (D.C. law does not create a liberty interest in parole that is protected by the due process clause).

Additionally, at least one of the petitioner's claims is factually inaccurate. In ground one, the petitioner asserts that the Commission failed to consider his program achievement. That is simply not true. To the contrary, the Commission granted the petitioner a six-month reduction in his guideline range for superior program achievement. See Resp't Ex. F. However, because the Commission also found that the petitioner was a more serious risk than indicated, that reduction did not result in the petitioner's earlier release. Nonetheless, the Commission clearly considered the petitioner's program achievement and reduced his guideline range accordingly.

Furthermore, the fact that the Commission denied parole and departed above the guidelines does not establish that the petitioner's Eighth Amendment rights were violated. The Commission has the authority to depart above the guidelines for good cause shown. See 28 C.F.R. § 2.80(n)(2)(ii). In the petitioner's case, the Commission explained its upward departure as follows:

> [Y]ou committed the current offense of Attempted First Degree Sexual Abuse after previous attempts had been made to curb your violence against the victim. Specifically, you were in violation of a Civil Protection Order at the time you committed this offense. Also, you were on escape status from a pre-trial half-way house placement resulting from [an] assault charge against the same victim that had occurred only 1 month previously. The statements you made to the victim . . . when sexually abusing her on 2/20/2006 indicate to the Commission that you committed this offense as retaliation against the victim's previous efforts to have you arrested for domestic violence. In addition, after your arrest for the current offense, you continued to make

harassing phone calls and write letters to the victim. Your inability to refrain from committing assaultive and harassing acts even after the intervention of law enforcement authorities makes you a more serious risk to return to violent crimes against women. Thus, the Commission believes that you continue to be too serious a risk to release on parole at this time.

Pursuant to 28 C.F.R. § 2.80(n)(2), the Commission was authorized to upward depart for these reasons. See also White v. Hyman, 647 A.2d 1175, 1179 (it is within the Board's discretion to decide if a prisoner's release is consistent with public safety).

For all of these reasons, the petitioner has failed to establish that any of the Commission's decisions in this case constitute cruel and unusual punishment in violation of his Eighth Amendment rights. Thus, grounds one, two and three should be dismissed.

## B. Ground Four - Liberty Interest

The Constitution does not provide a liberty interest in parole. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Nor do the D.C. parole statutes and regulations create one. See, e.g., Simmons v. Shearin, 295 F.Supp.2d 599 (D. Md. 2003); Muhammad v. Mendez, 200 F. Supp.2d 466 (M.D. Pa. 2002); Blair-Bey v. Quick, 151 F.3d 1036, 1047-48 (D.C.Cir. 1998); Price v. Barry, supra. Accordingly, the petitioner cannot establish that his due process rights were violated and ground four should be dismissed.

## C. Ground Five - Arbitrary and Capricious Decision

As noted above, this ground should be dismissed because the Court cannot review the discretionary decision of the Commission to deny parole under an abuse of discretion standard. See Garcia v. Neagle, supra; Page v. Pearson, supra.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Response and

Motion to Dismiss (dckt. 7) be **GRANTED** and the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (dckt. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner be certified mail, return receipt requested, and to counsel of record via electronic means.

DATED: December 19, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE